The next case is Angel Canava v. DHS. If it pleases the court, my name is Jim Kaye. I represent the petitioner, Mr. Canava, in this case. The underlying issue, I think, that is essential for determination of this case is whether or not ARS 13604A applies in this case. I say that because that is the reason the arbitrator found that Mr. Canava had been convicted of a felony and ultimately— If it does apply, then do you agree that he's convicted of a felony for purposes of this federal and legal statute? Yes. Okay. If it does apply by virtue of the wording of the statute itself, a condition proceeding for its application, is that the defendant has to be convicted of a felony. You seem to be arguing in some places that there ought to be a federal standard for what's a felony rather than to look to state law. And I'm wondering how that helps you, because if I understand what a felony is for federal criminal purposes, this would be a felony because you could get imprisoned for more than six months, right? Your Honor, I disagree with you in reference to the fact that I'm trying to use some sort of federal standard. I do not. I think that it is appropriate that the— It's a state standard. It is a state standard. Under 5 U.S.C. 7371, they have to look to the underlying state standard for a definition of a felony. However, I disagree with you in terms of whether or not, under the facts of this case, Mr. Canava would have been subject to a felony offense. Under the statute, 13604A, it requires, as we just discussed, that a person be convicted of a felony for it to be applied. My argument today is that under the plea in this case, even if 13604A did not exist, this plea would be valid and enforceable without reference at all to the statute. And let me walk you through this plea agreement. If you go to the joint appendix on pages 168 and 169, if I walk you through the specific language of this plea, I think the court will ultimately come to agreement with me that whether or not 13604A even existed, this plea is valid. Let's look— I'm sorry. It is joint exhibit page 168 and 169. If we start with the charge itself, amended count one, unlawful imprisonment by strangulation, domestic violence at class six, undesignated offense, it is not a felony. It cannot be an undesignated offense and a felony at the same time. How would this plea agreement look different if it were a 13604 plea agreement? I'm getting to that— Would it just include the word felony? Yes, Your Honor. And in fact, in the case I cited, State v. Arana, that's exactly—that's precisely what took place. In that case, the U.S. or the Arizona Supreme Court, Justice Martone, referenced a case where the predecessor statute to 13604A applied. It was 13702. In that case, this person who had been charged with a class three theft ultimately pled to, quote, a class six open-ended felony, unquote. That is the difference between what the agency is arguing and what the arbitrator relied upon and what we are arguing. Aside from 13604, plea agreement says in special terms the defendant agrees that the offense should not be designated a misdemeanor for the entire period of probation. Doesn't that mean felony? Absolutely not, Your Honor. In this particular case, if you read the entirety of all of the language, it represents three possible states for this offense. One is a misdemeanor, one is a felony, and one is undesignated. And it is that middle state in which Mr. Canava, at the time of the agency's action, was in when they decided that 5 U.S.C. 7371 applied. And, in fact, let me touch on a couple of things. I mean, throughout this plea agreement, though, it's talking about felonies. I mean, I understand your argument, but in the probation period portion in Part B, it talks about the available term for probation of a class six felony is three years. This all reads like it's a plea agreement under 13604, which allows a felony conviction or a guilty plea to be nondesignated if probation is fulfilled and then it will be changed to a misdemeanor. You don't need to do any of that if you're pleading guilty to a misdemeanor because you're pleading guilty to a misdemeanor. Your Honor, I would agree. But why would you ever have this middle class that you're talking about? The middle class is I'm pleading guilty to an undesignated felony offense that if I complete my probation will be redesignated. No, I disagree. It will be designated. The difference is this. The prosecutor and ultimately the courts, by their agreement, are essentially saying we're going to give you a chance. And this is an essential point. In Arizona, a person is convicted. They are convicted of a felony or misdemeanor. So this is what I think I was trying to get at. And I'm sure first of all, 13604 doesn't seem to contemplate the situation you're talking about. You're talking about some other situation where you can just plead guilty to some completely undesignated to be determined at a later date offense. I don't see any statutory support beyond kind of your general allegations about the way criminal stuff works, that that's even permissible under Arizona law. All that seems permissible is you can plead to an undesignated felony offense. But even if you're right, why would people pleading guilty to this kind of offense that is normally designated as potentially a felony be allowed to be treated differently in Arizona because of your unique view of the statute as opposed to any other state where this would clearly be a felony plea? Your Honor, this is a decision by a prosecutor and a superior court to allow not only Mr. Canova, a law enforcement agent, but also entire classes of other people, lawyers, accountants, pilots, who if they plead guilty to an offense under Arizona law that is a felony, they are now convicted of that offense. And if they are convicted of that offense, that can have huge consequences on their ability to continue in their chosen careers. This plea, which is outside of 13604A, allows not only Mr. Canova, but anyone that also pleads in this specific fashion to avoid the felony conviction. What specific statute do you cite that allows them to do this? Your Honor, the ability to do this is pursuant to Arizona rule of criminal procedure 17.4, which is very broad. The Supreme Court has said that the parties are able to negotiate on and reach agreement on any aspect of the case. And this is such a well-accepted doctrine. There were only two cases that I could find that even questioned the breadth of the statute. And I cited both of those, State v. Solano and State v. Friedrich. If this paragraph 1 had the word felony between undesignated and offense, you would consider this a plea agreement under 604? Absolutely, Your Honor. And the arbitrator looked at this and determined that that was essentially just a typo. Isn't that a question that the arbitrator looks at and that we defer to? I mean, every other portion of this seems like it was meant to be a 604 plea agreement. And it left out one word and one place. I disagree, Your Honor. The plea agreement says that this is a class 6 offense. It also says, obviously, undesignated, but it's a class 6 offense. Your Honor, if you look at both that word, the class 6, and also the fact that there is a rubric for felony sentencing, the reason you have to have this in here is for due process and notice requirements. If you're having a person pursuant to a plea agreement created pursuant to Arizona Rule of Criminal Procedure 17.4 Which isn't cited here anywhere. I'm sorry? Which isn't cited here anywhere in this plea agreement. No, Your Honor, it is not cited. So why would we read it under that provision rather than the provision it appears to be under? Your Honor, 13604A is not cited in this plea agreement. It is not cited in the change of plea agreement. It is not cited in the sentencing minute entry. 13604A is not cited anywhere in the proceedings. Is there such a thing as a class 6 misdemeanor? No, Your Honor. Well, that's the problem with the use of the word class 6 because it seems to necessarily imply that it's a felony. Your Honor, as I just mentioned, the reason why you end up having to have class 6 and also the felony rubric in here is because if you allowed a person to plead to an undesignated offense and you did not include this language and then subsequently you said, you know what, I'm going to designate this a felony, that defendant is going to have on appeal a very good due process argument that, hey, I didn't know I was going to be subject to a class 6 felony or felony. He doesn't understand what was meant. And the reference to class 6 necessarily is to a felony. Your Honor, if that was the only reference in here, then perhaps that would be a good argument. But if you look on page 1, you have references to the felony sentencing provisions. But then on page 2, you also have reference to the misdemeanor sentencing provisions. It does only apply if he completes the probation terms, right? Yes, but also the felony provisions only apply if he is actually designated as having been a felony. And again, the difference as is illustrated in State v. Iran Act. See, I don't really – I still don't understand your argument. I think you're keen on something that you think is unique to Arizona law that's going to make it special than any other country. What if in some other state you have a regime where you can issue a conditional guilty plea to a felony that will later be reduced to a misdemeanor if you complete your probation successfully? That would be covered by this federal statute, wouldn't it? I'm sorry, Your Honor. I don't feel like it's even appropriate for me to discuss another state's – Well, I'm asking you hypothetically. So hypothetically, instead of pleading to an undesignated offense which doesn't have misdemeanor or felony attached to it, you plead – you enter a conditional plea guilty to a felony. But if you complete your probation, it's redesignated as a misdemeanor. That would be subject to the federal statute. And this is operating in the same exact way because he's subject to felony penalties by the terms of this if he doesn't complete his probation status. I disagree. Your Honor, this court above all other courts deals in precision. Words have a meaning. This is a contract. If the count in here that he pled to said felony as it does in State v. Arana, we wouldn't be here. This plea agreement makes him subject to a felony conviction if he doesn't fulfill the terms of his probation agreement. Yes, conditionally, if he doesn't complete. But sitting here – and importantly – That was the entire impetus of this federal statute, wasn't it? Didn't you look – I mean did you look at the legislative history? The whole point of the statute is somebody entered a conditional plea and was allowed to remain on government payrolls and subsequently retire as an LEO. So the conditional nature of the plea was what occasioned this. This is the same thing. This is a conditional plea that could subject him to felony. Your Honor, the 5 U.S.C. 7371 mandates a felony. It does not mandate an undesignated offense. It does not designate a misdemeanor. It mandates a felony. But you agree it contemplates conditional pleas, though, don't you? Not by its words. Okay, well, did you look at the legislative history? Your Honor, I looked at the statute and the words of the statute. Well, I'm also looking at the legislative history to see what Congress's intent was in this situation that specifically invoked or caused this statute to be enacted was a conditional guilty plea. Your Honor, that might be the underlying congressional intent, but I think this court, as well as the people that are practicing in front of this court, have to rely on the words of the statute. The statute says it has to be a felony. It doesn't say a conditional plea. It does not say an undesignated offense. It requires a felony. Mr. Carney, I will give you three minutes of rebuttal time. Thank you, Your Honor. Ms. Bond? May it please the Court. Before delving into the intricacies of the Arizona law in this case, I'd like to start by explaining why, under federal law, Mr. Cannava's offense is quite plainly a felony. And that's important because federal statutes, like the mandatory removal statute, are typically interpreted under federal law pursuant to the Supreme Court's decision in Holyfield. And the general reasoning for that presumption applies strongly here. We want to have uniform application of federal laws. And there are law enforcement agencies and law enforcement officers in all 50 states. And there's no reason to think that Congress, in this statute, wanted removal to turn on potential anomalies or idiosyncrasies in state law. Certainly, the mandatory removal statute is meant to be triggered by state convictions. But nothing in the statute says that Congress wants the term felony specifically to be interpreted pursuant to state law. And this court in Mulder recently— Even if your friend's argument is right, that this is an undesignated offense, not under 13604, that it would still trigger this bar because it's the type of offense that is considered a felony under federal law. Precisely, yeah. And we disagree with regard to the application of state law, which I'll address in a moment. But the quite clear and straightforward analysis is that pursuant to federal law, this offense—federal law and sources like Black's Dictionary define felony as an offense that is punishable. Suppose what happens is someone is convicted of a felony, but then that conviction is vacated and a misdemeanor conviction is substituted and using, for the moment, the federal definitions of felony and misdemeanor. Has that person at that point been convicted of a felony? Yes. And the focus in answering that question is what we tried to address in our 28J letter. That the focus remains on the time of conviction, which, as this court explained in Mulder, is the time that the plea of guilty is entered or when the jury verdict of guilty is issued. So the question is, at that time, when the plea was entered, was that offense punishable by over a year of imprisonment? And under federal law, as the Ninth Circuit explained in Norbury and cited many other federal circuits— It's not in the statute, right? The statute expressly has that exception. But the fact that it expressly includes that exception shows that when there's not an express statutory provision— So if the conviction is vacated by the trial court, it doesn't count? I don't think so. That would be— That can't be true. Perhaps if there is a finding of innocence, that would be tantamount to being reversed on appeal due to a finding of innocence. But uniformly, federal courts, in interpreting— It's got to be that if the trial court vacates the conviction for whatever reason, that that's no longer a conviction of a felony, doesn't it? Well, Your Honor, the problem is that the mandatory removal statute refers to the point in which the person is convicted of a felony. And that is when the plea of guilty occurs. And after that happens, the agency is required by statute to remove the person five days after they receive notice of that conviction. And as this Court held in Mulder, conviction is different than sentencing. The statute doesn't say the person must be removed five days after sentencing. It says five days after the conviction notice date. I can't believe that Congress intended that if the conviction is vacated post-conviction relief by the trial court, that that counts as a felony. That just doesn't make any sense. I think the question in a case like that would be, is this tantamount to being reversed on appeal? And certainly— So if the conviction was vacated due to errors or insufficiency of evidence or something like that, would you agree that it shouldn't be considered a conviction? Well— I just wonder, are you trying to distinguish between situations where somebody can enter a guilty plea, serve a probationary period, and then in some states, instead of having it re-designated a misdemeanor, they may revoke it altogether and erase it? In those situations, that's not a finding of innocence. That's a fulfillment of probation terms. Precisely, Your Honor. And many states have this kind of flexibility in sentencing analyses. But there's a different situation I think that we're worried about, which is if somebody is convicted by a jury of a crime, and there are some kind of post-verdict motions, and the district court says, no, there's insufficiency of evidence or there's some procedural error or the like, I'm going to vacate that conviction, would the statute still apply in those circumstances, which directly go to whether the conviction itself was valid, not whether the person served some probationary terms that allowed the conviction to be later vacated? Perhaps one way to answer this question is to address what other federal courts have held when interpreting the term conviction in other federal statutes. As I mentioned, in Norbury, the Ninth Circuit explained that convictions that have been deferred, expunged, or even dismissed are still regarded as convictions for purposes of, for example, sentencing enhancement. But presumably there would be a different sort of analysis if this was overturned on the basis of an underlying defect or innocence in the actual plea. Of course, in a plea of guilty, there are certain protections that may not happen. Nothing has happened here. So far as you know, there's been no action by the trial court to designate this as a misdemeanor, right? Not as far as we're aware. And because of the plea agreement expressly providing that it's not even eligible for potential misdemeanor treatment for the full three years, I would imagine it has not yet been altered in any way. In this case, there really is none of that concern presented. In this case, Mr. Canova pled guilty to this offense. And under federal law, at the time that he pled guilty, the very first page of his plea agreement provides that the offense, J.A. 168, provides that the offense is punishable. The maximum sentence is 1.5 years. The aggravated sentence is two years. So this is certainly over the one-year limit that under Black's Law Dictionary and the federal statute that that would qualify as a felony. And this court, again, to cite to Mulder, in footnote three of Mulder, the court, again, did not resolve whether state or federal law applied, but it did note that it doubted that Congress would have intended state law to define the issue in that case. And similarly here, the best result is to interpret this under the straightforward analysis of federal law. And just one more note about Mulder is that the court repeatedly relied on Black's Law Dictionary in determining the ordinary meaning of terms in that statute. And here, the Black's Law Dictionary certainly favors the ordinary meaning of felony as an offense punishable by over one year. Now, if I may, I'll turn to the state application, which also requires affirmance of the arbitrator's decision that Mr. Cannava was convicted of a felony. The best place to start here is the definition of what Mr. Cannava's offense was. He was convicted of unlawful imprisonment by strangulation, which under 13-1303C, quote, unlawful imprisonment is a class six felony unless five circumstances apply, none of which are mentioned in the plea agreement. And if these five facts apply, then it can be a class one misdemeanor. These are that the victim is released voluntarily by the defendant without physical injury in a safe place before arrest. Now, none of these facts are mentioned in the plea agreement. And as the court has already noted, instead, the plea agreement refers to this as a class six undesignated offense. There are only three classes of misdemeanors, no classes of undesignated offenses, because the undesignated statute under 604 is simply a sentencing procedure. It is not a separate class of offense. So 604 provides that once an individual has been convicted of a class six felony, it applies if the judge believes it would be unduly harsh to sentence. So here again we have this dichotomy between conviction and sentencing. Mr. Cannava's point really is that we have to wait and find out what Mr. Cannava is going to be sentenced for before the agency can remove him under this provision. But again, the mandatory removal provision focuses on the conviction, not the ultimate sentence. And under both federal and state law, the definition of a felony is the maximum possible term of imprisonment for which the offense is eligible. So here under Arizona law, as we note in the brief, the exact sentencing rubric on page one is the class six felony sentencing rubric. So certainly as the court has already noted, the structure of the plea agreement does reflect Section 604, the undesignated provision. And as Mr. Cannava has conceded, therefore, this offense is a felony under state law as well. So for these reasons, we respectfully request that the court affirm the arbitrator's decision upholding the removal. Thank you, Ms. Braun. Mr. Kaye has some time left to rebuttal. Three minutes, Your Honor. Yes, three minutes. Nothing has happened in the trial court to change the status as part of the record here. Your Honor, there's nothing in the record, but the fact is I've checked and he remains on probation. Your Honor, for this court to uphold the decision in this case, this court has to find that ARS 604A actually applied, because that is the basis by which the arbitrator found that Mr. Cannava was convicted of a felony. And again, getting back to this language, there is a difference. The Arizona Supreme Court found that in that particular case, State v. Arana, it made a difference when a person actually pled to a felony as opposed to an undesignated offense. Words matter. This is a contract. The plain meaning of the words should carry some weight with this court. In terms of Mulder, the case cited by the agency, I took that case to mean that it is the time of conviction as opposed to sentencing. We agree with that. That's why we're making the arguments here today. You have to look at this plea, though. You can't rely – we don't feel like the fact of felony sentencing provisions being in the plea agreement as being dispositive of whether or not he was a felony. It would be true that if he had pled to something that was actually called a felony, but because he pled to something that was undesignated, it's conditional. And in fact, if you look on the other side of the page, there's the misdemeanor statutes as well. We're not arguing here, and I'm not arguing here today, that in fact, oh, this must be a misdemeanor because the misdemeanor provisions of sentencing are included within his plea agreement. That would be inappropriate. It would be inappropriate because what he pled to was something that was not designated. It's only at the time that it's designated that we would know for sure whether or not he would be subject to felony sentencing provisions or, conversely, misdemeanor sentencing provisions. The state argues that there was no factual findings regarding ARS 13-1303 in reference to this being a misdemeanor. That statute actually is important to our argument. Whereas 13-604 often provides the statutory basis in which a Class 6 felony, by definition, can be considered a misdemeanor. In this particular case, this statute, the finding, the offense, itself provides for it to be a misdemeanor. Now, the agency faults us for not having factual findings within the record to establish that it is a misdemeanor. But the fact of the matter is that if you look at the plea, the plea actually incorporates by its own reference the factual basis provided by the defendant and the grand jury or preliminary hearing transcript. The agency had the burden, if they wanted to raise this as an issue, to provide those transcripts and the materials provided when they went to the deciding official to seek my client's removal. They did not do that. And lastly, I would ask this Court to consider the presumption of regularity. If you have questions regarding what took place in the underlying proceedings, the presumption of regularity suggests that you must give credence to what you see, what is plainly said in the documents themselves. Thank you, Your Honor. Thank you, counsel. We take the case on resumption. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock a.m. I have some swords, too.